UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CHESAPEAKE SQUARE HOTEL, LLC,

                    Plaintiff,

v.                                          Civil No. 2:13cv279

LOGAN'S ROADHOUSE, INC.,

                    Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant Logan's Roadhouse, Inc.'s ("Defendant") motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. After examining the briefs and record, the Court finds that oral argument is unnecessary because the facts and legal contentions are adequately presented, and oral argument would not aid in the decisional process. Fed. R. Civ. P. 78(b); E.D. Va. Loc. R. 7(J). For the reasons set forth below, Defendant's motion to dismiss is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

On October 28, 2011, Chesapeake Square Hotel, LLC ("Plaintiff") and Defendant entered into a written contract (the "Contract") for the purchase and sale of approximately 1.2 acres of unimproved commercial real estate in the City of Chesapeake (the "Property"). The Property is a parcel located within

Plaintiff's development, on which Defendant intended to construct a restaurant. The Contract imposes conditions on both parties that must be performed prior to closing. On December 12, 2012, Defendant purportedly terminated the Contract, claiming that Plaintiff failed to satisfy contractual preconditions associated with Plaintiff's obligations to procure necessary city approvals for Plaintiff's development.

On May 16, 2013, Plaintiff filed its complaint in this Court, alleging breach of the Contract and seeking specific performance of such Contract. Defendant thereafter filed the partial motion to dismiss currently pending before the Court, which seeks to dismiss Plaintiff's specific performance claim (count two). The instant motion to dismiss is now fully briefed, and is therefore ripe for review.

## II. STANDARD OF REVIEW[1]

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint, or a claim within a complaint, based on the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 8(a)(2) of the Federal Rules requires "a short and plain statement of the claim

---

[1] Defendant's repeated citations in its opening brief to Virginia case law overlooks the fact that federal pleading standards are applicable to the instant motion, even if the merits of the underlying claims will ultimately be decided under Virginia law. See Fuller v. Aliff, No. 4:13cv56, 2013 WL 6115853, at *3 (E.D. Va. Nov. 20, 2013) ("As multiple district courts in this circuit have noted, . . . federal pleading standards are 'procedural,' not 'substantive,' rules, and therefore govern state law claims raised in a diversity case.")

showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)) (omission in original). The United States Supreme Court has interpreted the pleading standard set forth in Rule 8(a) as requiring that a complaint include enough facts for the claim to be "plausible on its face" and thereby "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555, 570 (internal citations omitted). The plausibility requirement is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility" that a defendant is liable. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556).

As suggested above, because a 12(b)(6) motion tests the sufficiency of a complaint without resolving factual disputes, a district court "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., Md., 684 F.3d 462, 467 (4th Cir. 2012) (quoting E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 440 (4th Cir. 2011)). Accordingly,

3

"'Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations.'" Twombly, 550 at 555 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)) (omission in original). A complaint may therefore survive a motion to dismiss "even if it appears 'that a recovery is very remote and unlikely.'" Id. (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

Although the truth of the facts alleged in a complaint is assumed, district courts are not bound by the "legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Markets, Inc. v. J.D. Assocs. Ltd., 213 F.3d 175, 180 (4th Cir. 2000). In ruling on a 12(b)(6) motion, a district court "may consider documents attached to the complaint or the motion to dismiss 'so long as they are integral to the complaint and authentic.'" Kensington Volunteer Fire Dep't, 684 F.3d at 467 (quoting Philips v. Pitt Cnty. Memorial Hosp., 572 F.3d 176, 180 (4th Cir. 2009)).

In addition to the general pleading standard set forth in Rule 8(a), Rule 9 of the Federal Rules of Civil Procedure establishes pleading requirements for "special matters." Fed. R. Civ. P. 9. Subsections (b) and (c) of Rule 9 address the pleading requirements for "fraud or mistake," "conditions of mind," and "conditions precedent," and provide that:

4

**(b) Fraud or Mistake; Conditions of Mind.** In alleging fraud or mistake, a party must state <u>with particularity</u> the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be <u>alleged generally</u>.

**(c) Conditions Precedent.** In pleading conditions precedent, it suffices to <u>allege generally</u> that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so <u>with particularity</u>.

Fed. R. Civ. P. 9(b), (c) (emphasis added).

### III. DISCUSSION

Defendant's motion to dismiss seeks dismissal of count two of Plaintiff's complaint, arguing that the complaint fails to adequately allege that Plaintiff satisfied contractual conditions precedent that would entitle Plaintiff to specific performance of the Contract. Defendant's motion raises the following interesting question: is the Rule 8(a) "plausibility" pleading standard applied by the Supreme Court in <u>Twombly</u> and <u>Iqbal</u> (requiring enough facts for a claim to be plausible on its face and raise a right to relief above a speculative level) the same standard applicable to pleading conditions precedent, or alternatively, is the Rule 9(c) standard (requiring a pleader to "allege generally" conditions precedent) a lesser pleading standard. Having examined below the arguments on both sides of this issue, the Court finds that it need not decide which standard applies because Plaintiff's complaint alleges

5

sufficient facts to survive the pending motion to dismiss even under the more onerous "plausibility" standard.

### A. View that Rule 9(c) Creates a Lesser Pleading Standard for Alleging Conditions Precedent than the Rule 8(a) Standard

Under Rule 9(c), parties are required to "allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c) (emphasis added). Assuming, without deciding, that Rule 9(c) should be read without any limitation stemming from the Supreme Court's rulings in Twombly and Iqbal, the fact that such Rule expressly allows parties to "allege generally" the satisfaction of conditions precedent suggests that it creates a less onerous pleading standard than the standard set forth in Rule 8(a). Accordingly, when Rule 9(c) is read without restriction, "'it is sufficient that the pleader tracks the language of Rule 9(c)'" by generally alleging in a complaint "that all conditions precedent have occurred or been performed." Metra Industries, Inc. v. Rivanna Water & Sewer Authority, Inc., No. 3:12cv49, 2013 WL 596064, at *2 (W.D. Va. Feb. 15, 2013); see Myers v. Cent. Fla. Invs., Inc., 592 F.3d 1201, 1224 (11th Cir. Fla. 2010) (finding that a general assertion that the plaintiff "fulfilled all conditions precedent" was sufficient to satisfy the Rule 9(c) pleading standard). Here, Plaintiff generally alleged in its complaint that it "satisfied all of the preconditions to [Defendant's]

obligations to close under the Contract." Compl. ¶ 33, ECF No. 1. Accordingly, applying the "allege generally" standard without restriction, Plaintiff's general allegation is alone sufficient to survive the pending motion to dismiss.

## B. View that Rule 9(c) Creates a Pleading Standard for Alleging Conditions Precedent Equivalent to the Rule 8(a) Standard

### 1. Discussion of Relevant Law

As set forth above, it is well-established that Twombly and Iqbal interpret the Rule 8(a) pleading standard to include a plausibility requirement. It, however, appears less widely discussed in the relevant law that the Supreme Court's opinion in Iqbal also analyzed the Rule 9(b) pleading standard which states that fraud or mistake must be alleged "with particularity," whereas intent, knowledge, or other states of mind "may be alleged generally." Fed. R. Civ. P. 9(b). The Court in Iqbal squarely addressed whether the phrase "allege generally" in Rule 9(b) creates a lesser pleading standard than Rule 8(a)'s plausibility standard, and concluded that it does not. Iqbal, 556 U.S. at 686. Rather, the Court held that "'generally' is a relative term" that needs to be "compared to the particularity requirement" that is also contained within Rule 9(b). Id. The Court thus interpreted the general allegation language in Rule 9(b) as "merely excus[ing] a party from pleading . . . under an elevated pleading standard." Id.

at 686-87 (emphasis added). The Court further elaborated that
"Rule 8 does not empower [parties] to plead the bare elements of
[their] cause of action, affix the label 'general allegation,'
and expect [their] complaint to survive a motion to dismiss."
Id. at 687.

Applying Iqbal, the Fourth Circuit recently held that
general pleadings under Rule 9(b) "must still be alleged in
accordance with Rule 8." Mayfield v. Nat'l Ass'n for Stock Car
Auto Racing, Inc., 674 F.3d 369, 377 (4th Cir. 2012). Stated
differently, pleadings that may be "allege[d] generally" under
Rule 9(b) must still articulate sufficient facts to demonstrate
"a 'plausible' claim for relief." Id. Applying such standard,
the Fourth Circuit dismissed the complaint in Mayfield because
it only provided "conclusory allegation[s]" as to the
Defendant's state of mind that were "mere recitation[s] of the
legal standard" without asserting any facts that would support
the finding that the plaintiffs had a plausible right to relief
on their defamation claim. Id. at 378.

Comparing the text of Rule 9(c), applicable in this case,
to the text of Rule 9(b), which was analyzed in Iqbal, reveals
more similarity than difference. Fed. R. Civ. P. 9(b), (c).
Both sections expressly permit parties to "allege generally"
certain enumerated elements/claims. Compare Fed. R. Civ. P.
9(b) ("may be alleged generally"), with Fed. R. Civ. P. 9(c)

8

("suffices to allege generally"). Rules 9(b) and 9(c) also both require parties to plead "with particularity" other enumerated elements/claims. Compare Fed. R. Civ. P. 9(b) ("must state with particularity"), with Fed. R. Civ. P. 9(c) ("must do so with particularity"). The fact that these adjacent subsections within Rule 9 contain virtually indistinguishable language suggests that the pleading requirements likewise should be indistinguishable. Although such a conclusion is arguably dictated by the analysis in Iqbal, it appears to be against the weight of lower court case law.[2]

---

[2] At least one circuit court, and several district courts, have concluded, post-Iqbal, that the "allege generally" language set forth in Rule 9(c) creates a lesser pleading standard than Rule 8(a). See, e.g., Myers, 592 F.3d at 1224 (finding that a general statement indicating that all conditions precedent had been satisfied was sufficient to meet the Rule 9(c) pleading standard); Metra Industries, Inc., 2013 WL 596064, at *2 ("'[I]t is sufficient that the pleader tracks the language of Rule 9(c)'" by generally alleging "that all conditions precedent have occurred or been performed." (quoting Mendez v. Bank of Am. Home Loans Servicing, LP, 840 F. Supp. 2d 639, 647 (E.D.N.Y. 2012))); E.E.O.C. v. Bass Pro Outdoor World, LLC, 884 F. Supp. 2d 499, 522 (S.D. Tex. 2012) (applying the liberal pleading standard mandated by a pre-Iqbal Fifth Circuit opinion because such opinion was not "unequivocally discredited by a decision of the Supreme Court" as "Iqbal did not concern the pleading standards for claims under Rule 9(c)"); Kmart Corp. v. Footstar, Inc., No. 09C3607, 2010 WL 1541296, at *5 (N.D. Ill. Apr. 14, 2010) (labeling the defendant's effort to extend the Iqbal pleading standard to Rule 9(c) as "misguided" because "[t]hat case dealt with the general notice pleading standard under Rule 8"); 2-9 Moore's Federal Practice-Civil § 9.04[1] (2013) ("[F]or a contract claim, it is sufficient that the pleader tracks the language of Rule 9(c) by alleging all conditions precedent have occurred or been performed") (internal quotation marks and citations omitted); but see Napster, LLC v. Rounder Records Corp., 761 F. Supp. 2d 200, 208 (S.D.N.Y. 2011) (rejecting the plaintiff's contention that "Fed. R. Civ. P. 9(c) requires no more than a general statement by a plaintiff that all conditions precedent have been satisfied" because all the cases relied on by the plaintiff "predate Twombly and Iqbal") (internal quotation marks and citations omitted).

## 2. Analysis Assuming Iqbal Modifies Rule 9(c)

Assuming, without deciding, that the Supreme Court's interpretation of the language in Rule 9(b) extends to the nearly identical language in Rule 9(c), thus requiring more than a conclusory statement indicating that "all conditions precedent have been satisfied," this Court finds that Plaintiff has included sufficient facts in the complaint to state a plausible right to relief as to count two. Accordingly, Defendant's motion to dismiss would fail even under the more demanding pleading standard applied in Twombly and Iqbal.

Contractual conditions precedent call for "'the performance of some act, or the happening of some event after the terms of the contract have been agreed upon . . . .'" Herrera ex rel. Varela v. Martin, 49 Va. App. 469, 476, 642 S.E.2d 309, 312 (2007) (quoting Morotock Ins. Co. v. Fostoria Novelty Glass Co., 94 Va. 361, 365, 26 S.E. 850, 851 (1897)). When a contract contains a condition precedent, a party "cannot compel [specific] performance without alleging the achievement of such act or averring a sufficient excuse for its non-performance." Flippo v. F&L Land Co., 241 Va. 15, 22, 400 S.E.2d 156, 160 (1991) (citing Granite Building Co. v. Saville, 101 Va. 217,

However, the post-Iqbal cases concluding that Iqbal does not extend to Rule 9(c) fail to expressly discuss the final section of the Iqbal opinion analyzing the Court's interpretation of the nearly identical language contained in Rule 9(b).

10

223, 43 S.E. 351, 353 (1903)); see Harman v. Moss, 117 Va. 676, 682, 86 S.E. 111, 113 (1915) (indicating that, to be entitled to specific performance, a plaintiff must prove "full compliance with the terms of the contract on his part, or, in a proper case, such acts of part performance that a refusal of full execution would place him in a situation which does not lie in compensation"). Accordingly, here, to state a plausible claim for specific performance, Plaintiff's complaint must include facts demonstrating that Plaintiff was "able, ready, prompt, eager and willing to perform the contract on [its] part." The Jeffery Fin. Grp., Inc. v. Four Seasons Dev., LLC, 64 Va. Cir. 7, 11 (Fairfax Cty. 2003) (citing Griscom v. Childress, 183 Va. 42, 47-48, 31 S.E.2d 309, 312 (1944)).

Applying the equivalent of the Rule 8(a) pleading standard to Plaintiff's specific performance claim, the complaint's conclusory allegation that Plaintiff "satisfied all of the preconditions to [Defendant's] obligations to close under the Contract" is, standing alone, clearly insufficient to state a plausible right to relief. Compl. ¶ 33; see Robertson v. Sea Pines Real Estate Companies, Inc., 679 F.3d 278, 288 (4th Cir. 2012) ("'[N]aked assertion[s] devoid of further factual enhancement' are not enough" to satisfy the Rule 8 pleading standard (quoting Iqbal, 556 U.S. at 678)) (second alteration in original). Accordingly, to determine whether Plaintiff has

11

sufficiently alleged performance of conditions precedent, or a "sufficient excuse for [their] non-performance," Flippo, 241 Va. at 22, 400 S.E.2d at 160, this Court must identify the conditions precedent contained within the Contract and consider the facts alleged in the complaint that implicate such matters.

Section 11 of the Contract is entitled "Conditions Precedent to Purchasers' Obligation" and expressly identifies numerous conditions precedent, many of which require Purchaser to obtain insurance, city approvals, permits, and licenses. Compl. Ex. A § 11. However, Defendant's motion to dismiss does not rely on section 11, and instead relies on the "pre-closing site work" that Plaintiff was to perform as discussed in sections 3 and 10 of the Contract. Defendant argues that Plaintiff did not perform such work and further contends that Plaintiff's admission in the complaint that Plaintiff obtained bonds to perform such work proves that the work was not completed. Defendant's argument on this point, however, at best demonstrates the existence of a factual dispute as to Plaintiff's timely completion of pre-closing site work. Notably, even if the bonds referenced in the complaint are assumed to be evidence that the pre-closing work was not yet completed as of the date listed on the bonds, there is no evidence in the complaint, nor even any argument by Defendant, indicating that the closing date had passed before the bonds

were issued.  To the contrary, according to the complaint, the contractually defined "permit period" had not expired as of the date of the bonds or the date that Defendant purported to cancel the Contract, and the closing date was anticipated to occur subsequent to the expiration of the permit period.  Compl. ¶¶ 13, 26, Ex A § 3.  Defendant's argument, therefore, plainly fails at this stage because this Court's sole focus must be on the facts alleged by Plaintiff in the complaint, which the Court assumes to be true for the purpose of resolving the pending motion.  See Twombly, 550 at 555 ("'Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations.'" (quoting Neitzke, 490 U.S. at 327)) (omission in original).

A review of the entirety of the complaint reveals that Plaintiff does not rest on its conclusory assertion that it satisfied conditions precedent, but instead alleges the following detailed facts in paragraphs 13-21: (1) "Purchaser never provided written notice that it was unsatisfied with any of the foregoing conditions precedent outlined in Section 11(b)."; (2) "[Defendant] requested that certain improvements be undertaken to Gum Road to enable Purchaser to obtain city permits.  These improvements were completed on or about December 19, 2012."; (3) "In a letter dated December 20, 2012, Horton & Dodd, P.C., professional surveyors" stated that Phase I of the

13

development project was "completed in accordance with the developmental plans approved by the City of Chesapeake"; (4) "On or about November 2012, Purchaser requested that Seller provide a surety bond for Phase II construction plans to Gum Road that the City of Chesapeake had previously certified" and on December 3, 2012, Plaintiff obtained permit bonds for $21,000 and $330,000 for Phase II development. "These bonds secured the remaining work required for the Security to grant the necessary permits."; (5) "On information and belief, the City of Chesapeake was willing and able to give all final approvals for Purchaser to make the improvements to the Logan Parcel and to build a restaurant thereon."; and (6) "Despite having surety bonds for the remaining construction work to be done and the City of Chesapeake previously certifying the Phase II plans, the Purchaser failed to take any action necessary to seek the government approvals necessary in order to permit the use on the property of a steakhouse style restaurant." Compl. ¶¶ 13-21.

Based on the detailed facts alleged in the complaint, including those reproduced above, which this Court is required to accept as true, the Court finds that Plaintiff has plausibly stated a claim for specific performance as it has either alleged performance of conditions precedent, or alternatively, alleged that it was "able, ready, prompt, eager and willing to perform" such conditions. Griscom, 183 Va. at 47-48, 31 S.E.2d at 312.

14

Accordingly, assuming that the Rule 8(a) pleading standard, as interpreted by Twombly and Iqbal, extends to pleading the fulfillment of conditions precedent under Rule 9(c), Plaintiff has alleged enough facts to "state a claim to relief that is plausible on its face," and thus, count two of the complaint survives Defendant's motion to dismiss. Twombly, 550 U.S. at 570.

### IV. CONCLUSION

For the reasons stated above, irrespective of whether this Court interprets Rule 9(c) as providing a pleading standard lesser than the Rule 8(a) pleading standard, or interprets 9(c) as providing a pleading standard equivalent to the Rule 8(a) pleading standard, Plaintiff's complaint alleges sufficient facts to plausibly state a claim for specific performance. Accordingly, Defendant's motion to dismiss count two of the complaint (ECF No. 5) is **DENIED**.

The Clerk is **REQUESTED** to send a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ ⟨signature⟩

Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
January 9, 2014

15